**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| BOBBY KASTELIC, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Officer SMITH, *et al.*, | : | NO. 7:08-cv-78 (HL) |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **BOBBY KASTELIC**, an inmate at the Colquitt County Jail in Moultrie, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing

one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that on March 17, 2008, he was arrested in Colquitt County, Georgia, on charges of public drunkenness and disorderly conduct. Following his arrest, plaintiff was transported to the Colquitt County Jail, where defendant Officer Smith allegedly hit plaintiff, who was handcuffed, hard enough to "put [plaintiff] on [his] back." Plaintiff twisted his knee as he fell and hurt his lower back, both of which continue to hurt.

Plaintiff sues defendant Lieutenant Byrd for failing to press charges against Officer Smith, for refusing plaintiff forms to appeal plaintiff's May 2, 2008 conviction, and for delaying the provision of grievance forms and a section 1983 complaint form.

In addition to Officer Smith and Lieutenant Byrd, plaintiff also names as defendants the Moultrie Police Department and Colquitt County Sheriff's Department.

## III. DISCUSSION

### A. Defendants Moultrie Police Department and Colquitt County Sheriff's Department

In order to bring a viable section 1983 action, plaintiff must name as a defendant an entity that is subject to being sued. Two of plaintiff's defendants, the Moultrie Police Department and the

Colquitt County Sheriff's Department, are non-suable entities. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Therefore, no action can be maintained against these defendants under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendants.

### B.  Defendant Lieutenant Byrd

Plaintiff's claims against Lieutenant Byrd are all frivolous.  His allegation that Byrd failed to press charges against Officer Smith fails to state a valid claim, as a prisoner has no constitutional right to have someone criminally prosecuted. *See e.g., Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990) ("The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability.").  As for plaintiff's claim regarding the denial of appeal forms, Lieutenant Byrd has no constitutional obligation to provide plaintiff with said forms.  Plaintiff should have sought the forms from the Colquitt State Court.  Finally, plaintiff's claims that Lieutenant Byrd delayed the provision of grievance forms and section 1983 complaint forms are equally without merit. Plaintiff has no constitutional right to the grievance process, *Dunn v. Martin*, No. 04-03566,  2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006) and *Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005), and Lieutenant Byrd has no obligation to provide section 1983 forms.  In any event, plaintiff ultimately received said forms, approximately one month after asking.  Plaintiff has not presented any allegations of how he might have been harmed by the delay.

### C.  Defendant Officer Smith

Plaintiff alleges that, while handcuffed, he was pushed to the floor maliciously by Officer Smith.  This allegation, if true, may support a claim of excessive force.  However, Officer Smith is

no longer employed with the Moultrie Police Department and plaintiff does not know his whereabouts for purposes of service. Although the United States Marshal Service possesses responsibility for the service of the plaintiff's complaint, such service cannot be made without an indication as to Office Smith's present whereabouts or current address. Plaintiff has been afforded an opportunity to provide the Court with an address for Officer Smith and has failed to do so. Because plaintiff has not provided sufficient information for service, plaintiff's complaint must also dismissed as to Officer Smith. Should plaintiff discover a current address for Officer Smith, he may refile his complaint against Officer Smith, but he should do so before the two-year statute of limitations expires.

## IV. CONCLUSION

In light of the above, it is **ORDERED** that plaintiff's claims against defendants Moultrie Police Department, Colquitt County Sheriff's Department, and Lieutenant Byrd are hereby **DISMISSED WITH PREJUDICE** as being frivolous under 28 U.S.C. § 1915(e)(2). It is further **ORDERED** that plaintiff's claim against Officer Smith is **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to file a section 1983 action against Smith should plaintiff discover Smith's current address.

**SO ORDERED**, this 7th day of August, 2008.


_s/ Hugh Lawson_____
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

4